

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-18-00276-CR
### NO. 02-18-00277-CR

JOSEPH RAUCH                                                              APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

### FROM THE 16TH DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NOS. F16-1106-16, F16-1107-16

----------

## MEMORANDUM OPINION[1]

----------

Appellant Joseph Rauch attempts to appeal two 2017 trial court judgments. Because we have no jurisdiction over these appeals, we dismiss them.

---

[1]*See* Tex. R. App. P. 47.4.

In trial court cause number F16-1106-16, Appellant pled guilty to first-degree felony possession of a controlled substance with intent to deliver—a lesser-included offense of his indicted offense (engaging in organized criminal activity), in exchange for a sentence of eight years' confinement. *See* Tex. Health & Safety Code Ann. § 481.113(d) (West 2017); Tex. Penal Code Ann. § 12.32 (West 2011), § 71.02(a)(5), (b)(3) (West Supp. 2017). In trial court cause number F16-1107-16, Appellant pled guilty to money laundering in exchange for one year's confinement in the state jail division. *See* Tex. Penal Code Ann. § 12.35 (West Supp. 2017), § 34.02(a)–(b), (e)(1) (West 2016). The trial court ordered the two sentences to run concurrently.

The trial court convicted and sentenced Appellant in both cases on March 10, 2017, and Appellant did not file a motion for new trial. Accordingly, Appellant's notice of appeal in each case was due by April 10, 2017, but he did not file his notice of appeal in either case until June 11, 2018. *See* Tex. R. App. P. 26.2(a) (providing that a notice of appeal must be filed within thirty days of sentencing absent a timely motion for new trial). His notices of appeal were therefore filed approximately fourteen months too late. *See id.*

We informed Appellant by letter of our concern that we lack jurisdiction over these appeals because his notices of appeal, which were due April 10, 2017, were untimely filed. *See* Tex. R. App. P. 26.2(a), 26.3(b). We stated that these appeals would be subject to dismissal absent a response showing grounds for continuing them. We have received no response.

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction over an appeal. *See* Tex. R. App. P. 26.2. The Texas Court of Criminal Appeals has expressly held that without a timely filed notice of appeal, we cannot exercise jurisdiction over an appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

Because Appellant filed his pro se notices of appeal too late, we dismiss these appeals for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: PITTMAN, J.; SUDDERTH, C.J.; and BIRDWELL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 23, 2018